# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| PI TIMBERLINE 2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-01007-CV-RK |
| | ) | |
| ROLF ROSENDAHL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

Before the Court is Defendant Rolf Rosendahl's motion for leave to proceed in forma pauperis (i.e., without payment of fees). (Doc. 1.) Defendant has attached a proposed notice of removal to his motion, which seeks to remove a state court action filed against him in the Circuit Court of Clay County, Missouri to this Court. Because the Court lacks subject-matter jurisdiction over the state court case, Plaintiff's motion is **DENIED**, and this case is **DISMISSED**.

"If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Defendant's proposed notice of removal is premised solely on federal-question jurisdiction (i.e., "arising under" jurisdiction). (Doc. 1-1 at 3, 5; Doc. 1-2.) The proposed notice of removal states as follows: "While the Plaintiff's Complaint purports to be a Rent and Possession case, the underlying cause of this state court action is in itself a violation of the Fair Debt Collection Practices Act (FDCPA) . . . ." (Doc. 1-1 at 2.) Defendant also suggests that Plaintiff has violated the Fourteenth Amendment, and he seeks a declaratory judgment. (*Id.*)

This is insufficient to establish federal-question jurisdiction over the action against Defendant. Under the well-pleaded complaint rule, federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint" (except the defense of complete preemption). *Id.* at 393. Furthermore, "[t]he well-pleaded complaint rule . . . does not allow a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009) (cleaned up).

Because the Court would not have subject-matter jurisdiction over the state court case if Plaintiff were allowed to file his notice of removal without payment of fees, his motion to do so is **DENIED**, and this case is **DISMISSED**.[1]

The Court directs the Clerk's office to mail a copy of this Order to Defendant

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  January 7, 2020

---

[1] Because the state court case was not properly removed, this Order has no impact on the state court case, which remains pending.